UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GE COMMERCIAL FINANCE BUSINESS PROPERTY CORPORATION fka GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. EVANS, individually and his marital community, and WILLIAM A. LONG, individually and his marital community,<br><br>Defendants. | No. C05-104Z<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)  The Court GRANTS Plaintiff GE Commercial Finance's Renewed Motion for a Finding of "Good Cause" under 28 U.S.C. § 1963, docket no. 78, for the reasons outlined in this Minute Order.

On September 16, 2005, the Court entered a Judgment in favor of Plaintiff GE Commercial Finance ("GE") against Defendants Evans and Long for $4,006,080.87. Judgment, docket no. 53. Defendants have appealed the Judgment, but have not posted a supersedeas bond to obtain a stay of the Judgment under FED. R. CIV. P. 62(d). Notice of Appeal, docket no. 54. Under FED. R. CIV. P. 62(a), a judgment becomes final and enforceable ten days after judgment is entered. FED. R. CIV. P. 62(a). Pending appeal, however, a judgment is only enforceable in the district in which it was rendered, unless the judgment is "registered" in another district by court order. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001) (citing 28 U.S.C. § 1963).

MINUTE ORDER  1–

GE now moves the Court to register the Judgment in other districts – specifically, in South Carolina as to Evans, and in Florida as to Long. GE makes its motion pursuant to 28 U.S.C. § 1963, which provides, in pertinent part: "A judgment in an action for the recovery of money . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when ordered by the court that entered the judgment for good cause shown. . . ." 28 U.S.C. § 1963. Good cause is based "on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Columbia Pictures, 259 F.3d at 1197-98; see also David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963 (West. 1996) ("Good cause" includes "a mere showing . . . that the defendant has substantial property in the other district and insufficient [property] in the rendering district to satisfy the judgment.").

It is undisputed that both Evans and Long have no assets in Washington, the judgment forum. Long Dep. at 38:22-39:1 (Miller Decl., docket no. 78, Ex. A); Evans Dep. at 13:22-14:16 (Miller Decl., Ex. B); Defs.' Resp., docket no. 79, at 2 n.1. It is also undisputed that Evans has assets in South Carolina, and that Long has assets in Florida. Defendants contest, however, that their assets are not "substantial." The Court disagrees. At a bare minimum, Evans has $63,000 in stocks and $8,000 in a checking account, and Long has an annual salary of $160,000 and an interest in the Long Family LLC, which is one of five entities in a partnership that owns four pieces of real property in Florida. The deposition testimony of Evans and Long makes it clear that each of them likely have assets that will be available to GE to satisfy the Judgment.[1] The evidence is also clear that both Evans and Long have transferred assets to their wives since they signed the personal guaranties on the loan in February 2000. Furthermore, both Evans and Long are actively depleting assets in their home districts. Accordingly, the Court concludes that there is "good cause" to register the Judgment against Evans in South Carolina and against Long in Florida.

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 20th day of June, 2006.

BRUCE RIFKIN, Clerk

By  s/ Casey Condon
    ―――――――――――――
    Casey Condon
    Deputy Clerk

---

[1] The Court distinguishes the instant motion to register based on "good cause" from a motion to execute on any specific property, and does not make any determinations as to whether any particular assets are available to satisfy the Judgment under South Carolina and Florida state law. See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 264 F.Supp.2d 484, 489 (S.D. Tex. 2002) (holding that the arguments pertaining to execution on specific assets are not relevant to the court's decision about whether to permit the plaintiff to register the Judgment in other jurisdictions).

MINUTE ORDER  2–